Wesley STERN and Sylvia Stern, Plaintiffs and Appellants,

v.

Enid WESNER, Gerharter Realtors, Better Homes & Gardens, Vernon Gerharter, Norbert Schlecht and Bernie Kopecky, Defendants and Appellees.

No. 15015.

Supreme Court of South Dakota.

Argued Feb. 11, 1986.

Decided Oct. 22, 1986.

Thomas A. Kolker of Maloney, Kolker, Fritz, Hogan & Johnson, Ipswich, for plaintiffs and appellants.

R.G. Gross, Ipswich, for defendant and appellee Enid Wesner.

David L. Ganje, Aberdeen, for defendants and appellees Gerharter Realtors, Better Homes & Gardens, and Vernon Gerharter.

Philo Hall of Siegel, Barnett & Schultz, Aberdeen, for defendant and appellee Norbert Schlecht.

Joe L. Maynes of Maynes & Gerdes, Aberdeen, for defendant and appellee Bernie Kopecky.

MORGAN, Justice.

Plaintiffs Wesley and Sylvia Stern (Sterns) appeal from an order of the trial court granting summary judgment in favor of defendants Enid Wesner (Wesner), Gerharter Realtors, Vernon Gerharter (Gerharter), Norbert Schlecht (Schlecht), and Bernie Kopecky (Kopecky) on Sterns' action

for specific performance of a real estate contract. We reverse.

In April of 1983, Wesner signed a Farm Listing Agreement with Schlecht, an agent of Gerharter Realtors, for the sale of her farm land in Edmunds County, South Dakota. Sterns negotiated with Mel Lammle (Lammle), another agent of Gerharter Realtors, and signed a Uniform Purchase Agreement for Wesner's land dated August 19, 1983. A copy of the Agreement is attached hereto as Appendix A.

The Uniform Purchase Agreement, as will be noted, is separated into three distinct sections. The initial section contains the names of the parties, a description of the land, and the terms of the offer. In essence, this section is the complete offer. It is signed by Sterns as buyers and Lammle as a witness. The next section of the Uniform Purchase Agreement is a receipt for earnest money and is signed by Lammle and witnessed by Wesley Stern. The final section provides spaces for signatures of the sellers upon acceptance. It is in the receipt that Lammle, as agent for the seller Wesner, noted that the offer "is taken subject to the written approval and acceptance of the seller on or before August 20 (6:00 p.m. C.D.T.), 1983."

Sterns' offer was verbally communicated to Wesner on Saturday, August 20 by Schlecht, the listing agent. Two days later, on Monday, August 22, Wesner telephoned her acceptance of Sterns' offer to Schlecht and confirmed by telegram addressed to Schlecht. Sterns received a telephone call from Lammle on this date informing them that their offer had been accepted.

The next day, August 23, at a brokerage meeting, Kopecky learned that Wesner's land had been sold. He became angry, as he had another potential buyer for the land. Kopecky went to his potential buyer's house and telephoned Wesner from there. Wesner was informed that Kopecky's buyers were willing to pay for the land in cash rather than by contract and would increase the selling price by $2,000. On August 24, Wesner telegraphed Schlecht as follows: "I have decided not to accept offer of $45,000.... Disregard telegram of 8–22. Please submit further offers." Subsequently, Wesner's land was sold to Kopecky's buyers and Sterns were informed of this on August 26. Sterns then instituted this action for specific performance.

In ruling on defendants' motion for summary judgment, the trial court noted that Sterns' claim was premised upon the existence of a valid contract. The trial court held that the August 20 acceptance date placed in the receipt by Lammle limited the time for acceptance. The trial court reasoned that Wesner's August 22 acceptance was legally a counteroffer, which Sterns did not accept before its withdrawal by telegram on August 24. As a result, the trial court held that there was no valid contract and entered summary judgment for defendants.

■ If we assume that the time limit for acceptance written in the receipt section of the Uniform Purchase Agreement is part of the offer, the trial court would be correct. *See* Restatement (Second) of Contracts §§ 41(1), 70, 60 (1981). We do not make this assumption, however. We hold that the receipt constituted no part of the offer. Sterns did not place this date on the agreement form, nor did either of the Sterns sign this receipt other than as a witness. We will not allow an agent of Wesner's to pry open Sterns' offer and insert a new term.

■ When an offer does not specify a particular time for acceptance, as was the case in this situation, an offeree's power of acceptance is terminated at the end of a reasonable time. Restatement (Second) of Contracts § 41(1) (1981). There can be little doubt that when Wesner accepted the Sterns' offer on August 22 it was still within a reasonable time. We find that a three-day delay in the acceptance was reasonable as a matter of law. Inasmuch as the Sterns' offer was accepted by Wesner

within a reasonable time, we hold that a valid contract exists between Sterns and Wesner.

It is patently obvious what occurred in this case. Kopecky, in reckless pursuit of a commision, sought out Enid Wesner at her California home and convinced her to renege on a contract that she entered into with Wesley and Sylvia Stern. We decry this unethical behavior by Kopecky and also question the actions of Gerharter Realtors in allowing its agents to behave in this manner. It can scarcely be doubted that all parties involved believed a valid sale had been made to Sterns, yet for an additional $2,000 and a "cash deal" the valid contract rights of Sterns were conveniently ignored.

The summary judgment in favor of defendants Wesner, Gerharter Realty, Gerharter, Schlecht, and Kopecky is reversed.

FOSHEIM, J., and HERTZ, Circuit Judge, Acting Supreme Court Justice, concur.

WUEST, C.J., and HENDERSON, J., specially concur.

SABERS, J., not having been a member of the court at the time this action was submitted to the Court, did not participate.

WUEST, Chief Justice (specially concurring).

I concur in the result of this case, but not in the conclusion Kopecky was unethical, or the actions of Gerharter Realtors is suspect. That wasn't an issue in this case, nor are we the proper forum to make that decision. *See* SDCL 36–21–42.1 and SDCL 36–21–43.

I am hereby authorized to state that Justice Henderson joins in this special concurrence.

APPENDIX A

If this offer is not accepted by the Seller or if offer is contingent upon Buyer obtaining FHA, VA or other loan, and he is unable to qualify for or obtain such loan, then this agreement (in either case) shall be abrogated and of no force or effect and Buyer's earnest money shall be returned to him, less actual expense incurred to process loan.

Upon approval and acceptance of this Agreement by Seller and in event Buyer shall not complete the purchase as herein agreed, Buyer shall, at Seller's option, forfeit the deposit made by him.

If the improvements on said property be destroyed or materially damaged prior to transfer of title then upon the demand of the Buyer, all sums paid by Buyer shall be returned to him, and this Agreement shall be of no further effect.

Witness _____ x_____ Buyer
_____ Buyer
Address _____ Telephone No. _____

Received from _____
the sum of _____ ($_____) Dollars
to apply on the purchase price of the above described property under terms and conditions as stated above, it being hereby understood and agreed that in the event the above offer is not accepted by the owner of said premises within the time hereinafter specified, or that in event there are any legal defects in the title which cannot be cured after the purchaser has filed or caused to be filed with us written notice of such legal defects, the money hereby paid is to be refunded.

This receipt is not an acceptance of the above offer, it being understood that the above offer is taken subject to the written approval and acceptance of the Seller on or before _____, 19___

Witness: _____
_____ Agent for Seller
By _____

I (We) hereby accept the above Buyer's offer on the terms above stated and agree to convey and deliver said premises and perform all the terms and conditions set forth.

Witness: _____ x_____ Husband
x_____ Wife

Accepted _____, 19___ _____

**Safeco Title Insurance Company — Agent, Clark Title Company, Aberdeen, S. Dak.**